UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA


    vs.                                                                    CASE NO.8:97-CR-367-T-24TBM

KAREEM RASHEED HATCHER
    Defendant


**ORDER**

The matter before the Court is *pro se* Defendant Kareem Rasheed Hatcher's Title 18 U.S.C §3582(c)(2) Motion for Sentence Modification Pursuant to Retroactive Guideline Amendment #599. (Doc. 138) Defendant Hatcher argues that after the Court sentenced him on April 14, 1998, the Sentencing Guidelines Commission adopted Amendment 599 which lowered the sentencing range for the offense for which he was sentenced. Furthermore, Defendant Hatcher argues that Amendment 599 is retroactive. Having considered the Defendant's motion as well as the case file including the indictment, the pre-sentence investigation report and the Judgment and Sentence as well as U.S.S.G. Amendment 599, the Court finds that the motion should be DENIED,

The United States Sentencing Commission promulgated Amendment 599 to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. §924(c) in conjunction with convictions for other offenses may receive weapons enhancements contained in the guidelines for those other offenses. The Amendment was effective

November 1, 2000 but was made retroactive, and therefore a reduction in a defendant's term of imprisonment is authorized under 18 U.S.C. §3582(c)(2) if the Amendment is applicable. Defendant **Hatcher** having been sentenced prior to November 1, 2000, has filed a *pro se*, motion to reduce sentence, alleging his eligibility for a reduction.

Kareen Rasheed Hatcher was convicted by a jury and was sentenced for two counts of car jacking in violation of 18 U.S.C.§2119 and one count of use of a firearm during a crime of violence in violation of 18 U.S.C.924(c), on April 14, 1998. Defendant Hatcher was sentenced to 168 months of imprisonment as to the carjackings (counts one and three) and 60 months consecutive on the gun charge (count two) for a total of 228 months of imprisonment. Count Two, the firearm offense in violation of 18 U.S.C. §924(c), related only to the car jacking in Count One, a carjacking that occurred on August 9, 1997. Hatcher used the firearm to shoot the victims, Carlos Perez and Cesar Rodriquez Jr, in Count One. A separate firearm was used by the codefendant to strike the victim, Ryan Ingram in Count Three. A six-level guidelines enhancement for the otherwise use of a firearm was imposed as to Count Three but not as to Count One. Although warranted in Count One, the firearm enhancement was not imposed specifically because there was a separate count of conviction (Count Two) for the use of a firearm pursuant to §924(c) that applied to the firearm in Count One. The Defendant was convicted of two separate armed carjackings on two different dates with different victims, but was convicted under 18 U.S.C. §924(c) in connection with only one of the carjackings (Count One); therefore a six-level weapon enhancement was properly applied to the car

jacking in Count Three because it was not the basis of the 18 U.S.C.§924(c) conviction. Had the amendment been in effect at the time Defendant Hatcher was sentenced, it would have made no difference, and his sentence would have been the same. Amendment 599 is inapplicable to Hatcher's case.

Defendant is not entitled to any reduction. The motion is Denied.

It is so ORDERED in Tampa, Florida this 2nd day of March

SUSAN C. BUCKLEW
United States District Judge

Copy: Kareem Rasheed Hatcher